**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| JANET L. MCCARTY, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 1:06-cv-427-RLY-TAB |
| ) | |
| MICHAEL J. ASTRUE, Acting Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant.¹ ) | |

**Entry Discussing Complaint for Judicial Review**

Janet L. McCarty ("McCarty") seeks judicial review of the denial by the Commissioner of the Social Security Administration ("Commissioner") of her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"), 42 U.S.C. § 301, *et seq.*

For the reasons explained in this Entry, the Commissioner's decision must be **affirmed.**

**I.  BACKGROUND**

McCarty filed an application for DIB on February 6, 2004, and for SSI on June 17, 2004, alleging an onset date of disability of May 26, 2001. Her applications were denied initially and upon reconsideration. Her request for a hearing before an Administrative Law Judge ("ALJ") was granted, and such hearing was conducted on July 13, 2005. McCarty was present, accompanied by her attorney. Medical and other records were introduced into evidence, and McCarty testified at the hearing. The ALJ issued a decision on August 11, 2005, denying benefits.  On February 16, 2006, the Appeals Council denied McCarty's request for review, making the ALJ's decision final, *see Luna v. Shalala,* 22 F.3d 687, 689 (7th Cir. 1994), and this action for judicial review of the ALJ's decision followed. The court has jurisdiction over this action pursuant to 42 U.S.C. § 405(g), which provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . in [a] district court of the United States."

---

¹On February 12, 2007, Michael J. Astrue was sworn in as the Commissioner of Social Security.  Pursuant to Rule 25(d) of the *Federal Rules of Civil Procedure*, Michael J. Astrue, in his official capacity only, is substituted as the defendant in this action.

The ALJ's decision included the following findings: (1) McCarty met the nondisability requirements for a period of disability and was insured for benefits through the date of the ALJ's decision; (2) McCarty had not engaged in substantial gainful activity since the alleged onset of disability; (3) McCarty's back pain and depression were considered "severe" based on the requirements in the Regulations 20 C.F.R. §§ 404.1520(c) and 416.920(c); (4) these medically determinable impairments did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4; (5) McCarty's allegations regarding her limitations were not totally credible for the reasons set forth in the body of the ALJ's decision; (6) McCarty retained the residual functional capacity ("RFC") to perform the exertional demands of light work, or work which required maximum lifting of twenty pounds and frequent lifting of ten pounds, she could sit, stand and walk for about 6 hours, each at a time, in an 8-hour workday, she could understand, carry out, and remember simple instructions, respond appropriately to supervision, coworkers and usual work situations, deal with changes in a routine work setting, and sustain the pace and concentration required in an ordinary work setting on a reasonably sustained basis; (7) McCarty was unable to perform her past relevant work as a CT scan technician; (8) McCarty was 49 years old, which is defined as a "younger individual between the ages of 45 and 49," she had more than a high school education, and had no transferable skills from any past relevant work; (9) McCarty had the RFC to perform substantially all of the full range of light work; and (10) based on an exertional capacity for light work, and McCarty's age, education, and work experience, Medical-Vocational Rule 202.21, Appendix 2, Subpart P, Regulations No. 4 would direct a conclusion of "not disabled." With these findings in hand, and through the application of applicable rules and regulations, the ALJ concluded that McCarty had not been "disabled" within the meaning of the Act at any time through the date of the ALJ's decision.

## II.  DISCUSSION

### A.  Applicable Law

To be eligible for DIB and SSI, a claimant must prove she is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A).  To establish disability, the plaintiff is required to present medical evidence of an impairment that results "from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [a claimant's] statement of symptoms." 20 C.F.R. §§ 416.908; 404.1508.

A five-step inquiry outlined in Social Security regulations is used to determine disability status. *Butera v. Apfel,* 173 F.3d 1049, 1054 (7th Cir. 1999).

2

> In order to determine whether an individual is entitled to disability insurance benefits, the ALJ must engage in a sequential five-step process which establishes whether or not the claimant is disabled. The claimant must show that: (1) he is not presently employed; (2) his impairment is severe; (3) his impairment is listed or equal to a listing in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) he is not able to perform his past relevant work; and (5) he is unable to perform any other work within the national and local economy. *Stevenson v. Chater*, 105 F.3d 1151, 1154 (7th Cir.1997); 20 C.F.R. § 416.920.

*Scheck v. Barnhart*, 357 F.3d 697, 699-700 (7th Cir. 2004).

The task a court faces in a case such as this is not to attempt a *de novo* determination of the plaintiff's entitlement to benefits, but to decide if the Commissioner's decision was supported by substantial evidence and otherwise is free of legal error. *Kendrick v. Shalala,* 998 F.2d 455, 458 (7th Cir. 1993). "Substantial evidence" has been defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB,* 305 U.S. 197, 229 (1938)).

### B.     Analysis

The ALJ determined that McCarty had "severe" impairments of back pain and depression, but that she could perform substantially all of the full range of light work and, therefore, was not disabled. (R. at 61-66). McCarty argues that substantial evidence does not support the ALJ's decision, that the ALJ erroneously refused to reopen a prior denial of benefits, that the ALJ erroneously failed to find that McCarty met a listing, that the ALJ erred in rejecting the opinions of treating physicians, that the ALJ's evaluation of McCarty's credibility was patently wrong, and that the ALJ improperly relied on the grid.

#### 1.     Prior application

The ALJ acknowledged that McCarty had filed an application for DIB on September 13, 2001, alleging disability since May 26, 2001. The ALJ noted that following a hearing, an unfavorable decision was issued on August 27, 2003, and although McCarty was represented by counsel, no appeal was filed. (R. at 59). The ALJ determined that the doctrine of *res judicata* applied to the findings of fact made with respect to the issue of disability through August 27, 2003, that the additional evidence was not new and material, and that reopening the prior decision was not appropriate. *Id.* McCarty contends that the ALJ erred in refusing to reopen the earlier decision because the evidence submitted with her 2004 application was "new" and "material."

3

The court's power to review social security claims is derived solely from 42 U.S.C. § 405(g), and a discretionary refusal to reopen a claim is not a "final decision" within the meaning of 405(g). "[A] decision whether to reopen a case is not subject to judicial review." *Diaz v. Chater*, 55 F.3d 300, 305 n.1 (7th Cir. 1995) (citing *Califano v. Sanders*, 430 U.S. 99, 107-08, (1977); *Bolden for Bolden v. Bowen*, 868 F.2d 916, 918 (7th Cir.1989)). *See also Campbell v. Shalala*, 988 F.2d 741, 745 (7th Cir.1993) ("Federal courts, however, lack jurisdiction to review agency decisions declining to reopen previous determinations except for those refusals having constitutional implications."). Here, no constitutional violation is alleged to have occurred when the ALJ declined to reopen the earlier decision. The court cannot review the decision to not reopen the earlier application.

### 2. Listings

McCarty argues that the ALJ's decision that her impairments did not meet or equal any listed impairment is not supported by substantial evidence. She asserts that the ALJ failed to cite Listing 1.04A and only perfunctorily discussed Listings 12.04 and 12.06.

As noted, the ALJ specifically discussed Listing 12.04 (affective disorders) and Listing 12.06 (anxiety related disorders). (R. at 61). The ALJ stated that "the relevant symptoms, signs and findings were reviewed relative to the criteria in 12.04 and 12.06 of Appendix 1." *Id.* The ALJ determined that the evidence showed a slight restriction of activities of daily living, moderate difficulties in maintaining social functioning, and slight difficulties in maintaining concentration, persistence and pace, concluding that the "B" criteria for each of these listings were not met. *Id.*

The ALJ adequately discussed Listings 12.04 and 12.06 to permit judicial review. There is no medical opinion of record indicating that McCarty's impairments met or equaled these, or any other, listings.

Listing 1.04A requires the following:

> Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);

20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 1.04A.

The record does not show that McCarty's spinal impairment satisfied each of the criteria, including motor loss, of Listing 1.04A. Moreover, the "Disability Determination and Transmittal" forms completed by reviewing state agency physicians, (R. at 75-76), constitute substantial evidence in determining that McCarty's impairments did not satisfy a listing. *See Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). In sum, the ALJ discussed the applicable evidence and his conclusion that McCarty's impairments did not meet or equal a listing is supported by substantial evidence.

### 3. Treating physician opinions

McCarty argues that the ALJ improperly rejected the opinions of treating physician Dr. Kovac and treating psychologist Dr. Nichelson. Dr. Kovac and Dr. Nichelson each opined that McCarty was unable to work. The ALJ discussed, but rejected, these opinions because he found them to be inconsistent with the other evidence in the record and not supported by objective findings.

The Seventh Circuit discussed the "treating physician rule" in *Hofslien v. Barnhart*, 439 F.3d 375, 377 (7th Cir. 2006), noting that if well-supported evidence is introduced which contradicts the opinion of a treating physician, then the treating physician evidence is not controlling and it is just one more piece of evidence to consider. "[T]he weight properly to be given to testimony or other evidence of a treating physician depends on circumstances." *Id.* After discussing each report submitted by these physicians, the ALJ concluded that they were "conclusory and unsupported by the medical evidence of record. Moreover, these doctors apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant, and seemed to uncritically accept as true most, if not all, of what the claimant reported." (R. at 64). The ALJ accorded more weight to the assessment completed by the state agency physicians and the opinions of consulting physician Dr. Issa and back specialist Dr. Ratzman. *Id.* The ALJ noted that Dr. Issa's opinion was supported by clinical and x-ray findings and that McCarty had experienced immediate reduction of back and leg pain after receiving conservative treatment. *Id.*

The court must decline any invitation to resolve conflicts in or reweigh the evidence. *Diaz v. Chater,* 55 F.3d 300, 305 (7th Cir. 1995) ("We cannot substitute our own judgment for that of the SSA by reevaluating the facts, or reweighing the evidence to decide whether a claimant is in fact disabled."). In addition, the ultimate decision as to a claimant's ability to work is reserved to the Commissioner. *See* 20 C.F.R. §§ 404.1527(e) and 416.927(e); Social Security Ruling 96-2p. A treating physician's statement that a claimant is disabled or cannot work is not conclusive. *See Clifford v. Apfel,* 227 F.3d 863, 870 (7th Cir. 2000) ("A claimant, however, is not entitled to disability benefits simply because a physician finds that the claimant is 'disabled' or 'unable to work.'"). The ALJ discussed the record in relation to Dr. Kovac's and Dr. Nichelson's opinions, and provided a reasonable explanation for his conclusion in this regard. Under these circumstances, the ALJ's evaluation of the treating physicians' opinions is supported by substantial evidence.

### 4.  Credibility

McCarty contends that the ALJ erred in evaluating her credibility. Specifically, she argues that the ALJ failed to consider any of the required factors and that the ALJ's rejection of treating source opinions tainted his credibility determination. It has already been determined that the treating physician opinions were not erroneously considered.

The ALJ determined that McCarty's allegations that she was totally precluded from work-related activities were not fully credible. (R. at 65). The ALJ recited the proper statutory and regulatory requirements for determining a claimant's credibility. (R at 61, citing Social Security Ruling 96-7p; 20 C.F.R. §§ 416.929; 404.1529). The criteria to consider when evaluating a claimant's credibility include: daily activities; the location, duration, frequency, and intensity of pain; precipitating and aggravating factors; type, dosage, effectiveness, and side-effects of medication; treatment, other than medication, for relief of pain; and the objective medical evidence and other evidence. The ALJ discussed the medical evidence, treating physician reports, consulting physician and psychological reports, evaluations by State Agency experts, McCarty's daily activities, and her testimony. (R. at 62-65). He discussed McCarty's history of conservative and/or routine treatment. (R. at 65). As noted, it is proper to consider a claimant's activities as one factor when determining credibility. *See Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006).

The court grants special deference to the credibility determination made by the ALJ and generally will not overturn an ALJ's credibility finding unless it is "patently wrong." *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir.2001). In this case, the ALJ provided reasons supported by record evidence for finding not fully credible McCarty's allegations that she was totally disabled. The ALJ's discussion relating to McCarty's credibility is adequate to allow the court to trace his reasoning. The court does not find that the ALJ's analysis is patently wrong, and therefore, must affirm the ALJ's credibility determination.

### 5.  Grid

McCarty also asserts that the ALJ should have consulted with a vocational expert rather than rely on the grid in determining that she was not disabled. She argues that her mental impairment and chronic pain make any type of work impossible and because the ALJ's RFC assessment was not supported by substantial evidence, his reliance on the grid was reversible error.

The ALJ concluded, based on the record, that McCarty had the exertional capacity to perform substantially all of the requirements of light work, and that based on her age, education, and work experience, she was "not disabled" pursuant to Medical-Vocational Rule 202.21, 20 C.F.R. 404, Appendix 2, Subpart P. (R. at 66). The ALJ noted that the use of the grid was appropriate when a claimant had the exertional RFC to perform substantially all of the seven primary strength demands required by work at a given level of exertion and there were no nonexertional limitations. (R. at 66-67).

6

The use of the grids is inappropriate when a claimant has a nonexertional limitation that "might substantially reduce a range of work an individual can perform." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir.2001). The mere allegation of such a limitation, however, does not automatically preclude use of the grids. If substantial evidence supports the ALJ's finding that the nonexertional limitation is not credible or severe enough to restrict a full range of employment, then the grids may be used. *Luna v. Shalala*, 22 F.3d 687, 691-92 (7th Cir.1994); *Nelson v. Sec'y of Health and Human Servs.*, 770 F.2d 682, 685 (7th Cir.1985). Here, as discussed above, the ALJ's RFC assessment was supported by substantial evidence, and therefore, the use of the grid in this case was not erroneous.

### 6.   Summary

An ALJ's decision is sufficient if, as is true in this case, "it assures us that an ALJ considered the important evidence and enables us to trace its reasoning." *Brindisi v. Barnhart*, 315 F.3d 783, 787 (7th Cir. 2003). In determining McCarty's eligibility for benefits, the ALJ applied the proper analytical methodology and fairly considered and weighed the evidence. The ALJ's decision was based on consideration of: (1) McCarty's age, education, and work history; (2) McCarty's history of diagnoses, treatment, medications, and evaluations; and (3) McCarty's own account of her conditions, capabilities, limitations, symptoms and daily routine.

There was no significant evidence, symptom, complaint, or issue which the ALJ's decision overlooked. The ALJ discussed the evidence and explained his rationale for accepting and rejecting the various opinions of record. As noted above, the court cannot reweigh the evidence. Substantial evidence supports the ALJ's findings of fact and identification and assessment of McCarty's impairments, and there was no error of law in the manner in which the evidence was evaluated. The ALJ sufficiently articulated his assessment of the evidence and there was substantial evidence to support the ALJ's determination that McCarty was not disabled as defined in the Act at any time relevant to the ALJ's decision.

### III. CONCLUSION

There was no reversible error in the assessment of McCarty's applications for DIB and SSI. The final decision of the Commissioner is supported by substantial evidence and is not tainted by legal error. In these circumstances, McCarty is not entitled to relief in this action. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: March 9, 2007

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana